IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|      Plaintiff,        ) | |
|  vs.        ) | Case No. 18-10065-03-EFM |
|                      ) | |
| CASEY VINER        ) | |
|      Defendant;        ) | |
| _____ ) | |

## UNOPPOSED MOTION FOR CONTINUANCE

COMES NOW the defendant, Casey Viner, by and through his attorneys, James R. Pratt, and Jack Morrison Jr. and moves this Court for an order continuing the current trial date schedule for January 8, 2019, for a period of not less than 30. This continuance is sought pursuant to the ends of justice provision of 18 U.S.C. §3161 (h) (7) (A) and (B) (iv).

Counsel for Mr. Viner and counsel for the government are in the process of plea negotiations, however have been unable to complete these negotiations at this time. Both counsel for Mr. Viner and counsel for the government believe that this matter can be resolved short of trial if given the requested continuance.

Counsel for Mr. Viner has been in communication with AUSA Deb Barnett and USA Stephen R. McAllister and has been advised that the government has no objection to the requested continuance.

1

The requested continuance would not deprive either party of continuity of counsel. Such continuance outweighs the best interest of the public and the defendant in a speedy trial, as set out in 18 U.S.C. §3161(h)(7). Although delay resulting from a continuance granted by the district court is not automatically excluded from the Speedy Trial Act's 70-day time limit under 18 U.S.C. §3161(h)(1), subsection (h)(7) provides "[m]uch of the Act's flexibility," *United States v. Zedner*, 547 U.S. 489, 498 (2009), and gives the district courts "discretion...to accommodate limited delays for case-specific needs," *Id*. at 499.  A delay granted pursuant to §3161(h)(7) may be excluded if the district court makes the statutorily required findings. *Bloate v. United States,* 130 S.Ct. 1345 (2010).

The ends of justice would be served by this continuance, and a failure to grant the continuance might deprive both parties of effective counsel who has had a reasonable time for competent and thorough trial preparation.  18 U.S.C. §3161 (h) (7) (B) (iv).

WHEREFORE, the defendant moves this Court for an order setting a motions due date, resetting the status conference and continuing the jury trial to a later date to be determined by the Court.

RESPECTFULLY SUBMITTED

 s/ James R. Pratt
JAMES R. PRATT, #17716
322 S. Mosley Ste. 12
Wichita, Kansas 67202
Ph: (316) 262-2600

2

Fax: (316) 262-2602
Jim@JamesRPrattLaw.com
Attorney for Defendant

AMER CUNNINGHAM CO., LPA
Jack Morrison, Jr. (Ohio #0014939)
*Counsel pro hac vice*
One Cascade Plaza, Suite 1510
Akron, OH  44308
330-762-2411 / 330-762-9918 (facsimile)
jmorrison@amer-law.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 17, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to each counsel of record in this case.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none

s/James R. Pratt
JAMES R. PRATT #17716
Attorney for Defendant
322 S. Mosley Ste. 12
Wichita, Kansas 67202
Ph: (316) 262-2600
Fax: (316) 262-2602
Jim@JamesRPrattLaw.com